UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
    Plaintiff,

vs.                                                Case No.: 3:23cv24711/LAC/ZCB

RICKY DIXON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Prophet Paulcin filed this *pro se* case under 42 U.S.C. § 1983. (Doc. 1). In the complaint, Plaintiff has asserted claims on behalf of himself and a class of inmates housed at Blackwater River Correctional Facility. (*Id.* at 33-36). As explained below, this matter should be dismissed without prejudice for Plaintiff's failure to follow a Court order.

### I.    Discussion

Plaintiff is incarcerated at the Apalachee Correctional Institution. (Doc. 5). He filed this lawsuit to address alleged unconstitutional conditions at his former prison, Blackwater River. (Doc. 1). Plaintiff has labeled his complaint, "Class Certification Pursuant to Fed. R. Civ. Proc.," and he requests certification of a class of "vulnerable offenders . .

1

. with mental illness, LGBTQ or who otherwise have physical disabilities." (*Id.* at 34, 36). Plaintiff has also moved for leave to proceed *in forma pauperis* and for a preliminary injunction. (Docs. 9, 11).

The Court previously identified two issues that prevented the case from moving forward. *See generally* 28 U.S.C. § 1915A (requiring courts to screen civil rights complaints filed by prisoners). First, Plaintiff's complaint impermissibly sought to pursue a class action on behalf of himself and other inmates. *See Timson v. Sampson*, 518 F. 3d 870, 873 (11th Cir. 2008) (holding that a *pro se* litigant may not represent the interests of others in a class action); *see also Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a *pro se* inmate may not bring an action on behalf of other inmates). Second, Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) who was required to pay the filing fee unless he was under "imminent danger of serious physical injury."[1]  28

---

[1] Plaintiff has admitted that he is a three-striker. (Doc. 1 at 26). The Court verified that status by identifying the following three "strikes" under § 1915(g):
- *Paulcin v. Inch*, No. 4:20cv470/WS/MJF (N.D. Fla. Jan. 7, 2021) (dismissing case as malicious under 28 U.S.C. § 1915A); *Paulcin v. McNeil*, No. 3:09cv151/LC/MD (N.D. Fla. Aug. 6, 2009) (dismissing case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); and *Paulcin v.*

U.S.C. § 1915(g). Because the factual allegations in the complaint involved more than just Plaintiff himself, it was difficult for the Court to determine whether Plaintiff satisfied the imminent danger exception to § 1915(g).

To remedy these two issues, the Court ordered Plaintiff to file an amended complaint that asserted claims on his own behalf and omitted allegations about harms incurred by other inmates. (Doc. 10). The deadline for filing the amended complaint was March 18, 2024. (*Id.*). Plaintiff did not file an amended complaint by the deadline. Instead, he sought an extension. (Doc. 12). The Court extended the deadline to April 17, 2024. (Doc. 13). Plaintiff then requested a second extension. (Doc. 14). The Court again extended the deadline, this time to May 22, 2024. (Doc. 15). When doing so, the Court warned Plaintiff that no further extensions would be granted absent a showing of exceptional circumstances. (*Id.*).

---

*McNeil*, No. 09-14556-D (11th Cir. Mar. 2, 2010) (dismissing appeal of judgment in lower case No. 3:09cv151/LC/MD as frivolous).

Nonetheless, Plaintiff did not file an amended complaint by the deadline. Instead, he has requested another extension. (Doc. 16). According to that request, Plaintiff now has obtained the "necessary legal papers" and conducted further factual investigation. (*Id.*). But Plaintiff says he has limited legal knowledge and needs more time to seek professional legal assistance. (*Id.*).

This Court's "deadlines are not meant to be aspirational." *Quinn v. Deutsche Bank*, 625 F. App'x 937, 939 (11th Cir. 2015). And a "district court must be able to exercise its managerial power to maintain control over its docket." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). That power includes the ability to deny extensions of time, especially when prior extensions were granted and the plaintiff was warned that "no further extensions would be granted." *Id.* (affirming denial of extension request after multiple prior extensions had been given).

The Court has been patient with Plaintiff. It has provided Plaintiff with multiple extensions, and it previously warned Plaintiff that further extensions would not be granted absent exceptional circumstances. Despite that warning, Plaintiff has not met the deadline. And instead,

4

he has moved for another extension. But the reasons given in support of the motion for an extension are not exceptional. Thus, they do not excuse Plaintiff's failure to file an amended complaint by the deadline nor do they warrant additional time to comply.

The Court's prior order (Doc. 10) simply told Plaintiff to file an amended complaint that asserted his own claims and omitted class-action based claims on behalf of other inmates. Compliance with that directive required neither additional factual investigation nor sophisticated legal knowledge on Plaintiff's part. Thus, there is no merit to Plaintiff's stated reason for needing yet more time to comply with the Court's prior order. Because Plaintiff has not shown that another extension is justified, his request for an extension (Doc. 16) should be denied.

Plaintiff was previously informed that his complaint is legally deficient, and he was ordered to file an amended complaint to remedy those deficiencies. He has now failed to file that amended complaint as ordered. It is well settled that a case may dismissed for a litigant's failure to follow a court order. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal for failure to follow a court order); *see also Jacobs v. Clayton Cnty.*

*Solicitor Gen. Office*, 685 F. App'x 824, 827 (11th Cir. 2017) (affirming dismissal where the plaintiff failed to comply with the district court's order to file an amended complaint by a certain date). Because Plaintiff has failed to follow the Court's order to file an amended complaint by the deadline, this case should be dismissed without prejudice.[2] *See DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 796 (11th Cir. 2020) (affirming dismissal and denial of plaintiff's motion for extension of time to file amended complaint because plaintiff had ample opportunity to amend the complaint by the court's deadline).

## II.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's motion for extension of time (Doc. 16) be **DENIED**.

2. Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** for failure to comply with an order of the Court.

3. All pending motions be **DENIED** as moot.

---

[2] Plaintiff was expressly warned that his "failure to comply with an order of the Court will result in a recommendation of dismissal of this case." (Doc. 10 at 6).

4. The Clerk of Court be directed to enter judgment and close this case.

At Pensacola, Florida this 4th day of June 2024.

*/s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.